

AUG 2 7 2015

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

Martin S. McKay,

    **Plaintiff,**

vs.

Mark Goins,
    Coordinator of Elections
    State of Tennessee,

Tre Hargett,
    Secretary of State
    State of Tennessee,

Kerry B. Steelman,
    Administrator of Elections
    Hamilton County, Tennessee,

    **Defendants**

CASE NO. - 1:15-cv-224

Judge - Mattice/Lee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## C O M P L A I N T

The complaint of Martin S. McKay, of full age and a resident of, and domiciled in the

County of Hamilton, State of Tennessee, brings this action to secure his right to vote.

### Paragraph 1

On October 14, 1998, plaintiff filed suit in this court against several State and Hamilton

County defendants seeking to enjoin them from requiring a Social Security Number ("SSN") as

a pre-requisite to register to vote in Tennessee, *McKay v. Thompson, et al*, E.D. Tenn. 1:98-cv-

354; plaintiff did not prevail. Plaintiff appealed to the *Sixth Circuit Court of Appeals* and did not

prevail. See *McKay v. Thompson*, 226 F.3d 752 (6th Circuit, 2000). Plaintiff filed a

*Petition For Certiorari* to the *United States Supreme Court* and certiorari was denied

(Supreme Court File No. 00-1111). In November, 2000, plaintiff filed suit against substantially

the same defendants as in 1998 (E. D. Tenn. No. 00-CV-0378), based on a finding by the *Sixth*

*Circuit* that if a person is denied the right to vote "during an election" then there is a basis for

suit; relying on *Lawson v. Shelby County*, Tennessee, 211 F.3d 331 (6th Cir 2000). The suit filed

by plaintiff in 2000 was dismissed.


### Paragraph 2

Subsequent to the proceedings cited in paragraph 1, in 2003 the *Eleventh Circuit Court*

*of Appeals* decided a case which is directly on point concerning one of the essential claims

made by plaintiff in 1998. See *Schwier v. Cox*, 340 F.3d 1284 (11th Circuit, 2003). In *Schwier*, the

*Eleventh Circuit* reached an entirely different conclusion than the *Sixth Circuit* in *McKay v.*

*Thompson*. This action is brought to enable the Courts of the *Sixth Circuit* to review the

holdings of the *Eleventh Circuit* in *Schwier*.


### Paragraph 3

Mark Goins, defendant herein, or his successor, is the Coordinator of Elections for the

State of Tennessee. The Division of Elections is an organizational unit of the State of

Tennessee, Department of State.


### Paragraph 4

Tre Hargett, defendant herein, or his successor, is the Secretary of State for the State of

Tennessee.

## Paragraph 5

Kerry B. Steelman, defendant herein, or his successor, is the Administrator of Elections

for the Hamilton County Election Commission, in Hamilton County, Tennessee.

## Paragraph 6

The jurisdiction of this Court is based upon 28 USC § 1331, as this civil action concerns

the laws and statutes of the United States, specifically 52 USC § 10101(a)(2)(B)[1] and 42 USC

§ 1983.

The statute, 52 USC § 10101(a)(2)(B), states in pertinent part,

"No person acting under color of law shall ... deny the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election;"

Further, this federal statutory right may be enforced by 42 USC § 1983, which states

in pertinent part,

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding."

---

[1] Please note that Title 52 is a new addition to the U.S. Code as of September, 2014; at the time of plaintiff's litigation in *McKay v. Thompson* and also the *Schwier* decision by the *Eleventh Circuit*, the appropriate section of the Civil Rights Act of 1964 was codified at 42 USC 1971(a)(2)(B).

## Paragraph 7

Venue in this district is proper pursuant to 28 USC § 1391(b) as plaintiff is a resident of

this district and defendant Steelman is employed in this district and a substantial part of the

events giving rise to plaintiff's claim arose in this district.

## Paragraph 8

Plaintiff has a private right of action to enforce 52 USC § 10101(a)(2)(B) through

42 USC §1983 as held by the *Schwier*[2] court. See *Schwier*, Section E, para. 56-72, pp. 1294 –

1297.

## Paragraph 9

Since this action involves the basic right to vote, plaintiff is not required to exhaust

administrative remedies under 52 USC § 10101(d). The *Schwier* court observed that,

> "Congress removed procedural roadblocks to suits under § 1971 by specifying that
> there was no requirement that a party exhaust judicial or administrative remedies
> before bringing suit." See *Schwier*, Section E, para. 66, p. 1296.

Further, 52 USC § 10101(d) states, in pertinent part,

> "The district courts of the United States shall have jurisdiction ... and shall exercise the
> same without regard to whether the aggrieved party shall have exhausted any administrative
> remedy or remedies that may be provided by law."

## Paragraph 10

---

[2] See explanation of *Note 1.*

In the opinion of the District Court in *McKay v. Thompson*, pertaining to whether a

social security number is material to determining an applicant's qualifications to register

to vote, the court made a finding of fact and conclusion of law that the SSN is not material

in determining an individual's qualifications to vote, as per the following excerpt:

"McKay makes a persuasive argument his SSN is not 'material' to determining his qualification
for voting; and therefore, his omission of that information cannot be grounds for refusing his
registration. He argues the qualifications for voting are set forth at Tenn. Code Ann. § 2-2-102 and
basically require only that the voter is a resident who has maintained the age of majority (18). SSN's,
McKay maintains, are used only to determine whether a registrant is trying to perpetrate a fraud on
the polls and not whether the person is in fact qualified to vote." See the Court's opinion at p. 11-12.

With the finding that "McKay makes a persuasive argument his SSN is not 'material' to

determining his qualification for voting", the District Court also held that plaintiff lacked

standing to enforce 42 USC § 1971(a)(2)(B), now 52 USC § 10101(a)(2)(B), through a private

right of action. Since we now know from *Schwier* that there is a private right of action, it may

be concluded that plaintiff would have prevailed in *McKay v. Thompson*. Further, it may

also be concluded that there has been a continuing abridgement of plaintiff's right to register

to vote, and by extension, of his fundamental right to vote. It is settled law that where courts

have erred in statutory construction, it does not mean that the statute itself was not still

effective and operative. Therefore, even though the courts of the *Sixth Circuit* erred in

*McKay v. Thompson*, the private right of action has always existed to enforce 52 USC §

10101(a)(2)(B) through 42 USC § 1983.

"... the provision giving the Attorney General the right to bring a civil suit under § 1971 was not added
to § 1971 until 1957. Therefore, from the enactment of § 1983 in 1871 until 1957, plaintiffs could
and did enforce the provisions of § 1971 under § 1983." See *Schwier* at p. 1295.

Further, in giving the Attorney General the right to enforce § 1971, the House Judiciary

Committee stated the bill's purpose was "to provide means of *further* securing and protecting

the civil rights of persons ...". (emphasis added) Therefore, "nothing in the report suggests that

the Committee intended the provision granting the Attorney General authority to bring suit, to

foreclose the continued use of § 1983 by individuals." See *Schwier* at p. 1295.

### Paragraph 11

In October, 2013, simply out of curiosity as to how his previous case had been utilized

by the courts in the intervening years, plaintiff did some research and found the *Schwier* case.

The *Schwier* court was actually critical of the *Sixth Circuit's* decision in *McKay v. Thompson*:

"In McKay, the Sixth Circuit relied entirely on *Willing v. Lake Orion Community Schools Board of Trustees*, 924 F.Supp. 815, 820 (E.D.Mich. 1996), which in turn relied entirely on *Good v. Roy*, 459 F.Supp. 403, 405-06 (D.Kan. 1978). Thus, the extent of the analysis relied on by the *Sixth Circuit* is the following from *Good*: "Furthermore, subsection (c) provides for enforcement by the Attorney General with no mention of enforcement by private persons ... the unambiguous language of Section 1971 will not allow us to imply a private right of action. However, ... the Supreme Court found that other sections of the Voting Rights Act, 42 USC §§ 1973c and 1973h, respectively, could be enforced by a private right of action, even though those sections also provide for enforcement by the Attorney General." (See *Schwier* at para. 58-59, p. 1294.)

### Paragraph 12

Realizing that the courts of the *Sixth Circuit* had reached an incorrect conclusion in

*McKay v. Thompson*, plaintiff again sought to vindicate his right to register to vote. On August

29, 2014, plaintiff went to the office of the *Hamilton County Election Commission* and spoke

with Mr. Kerry Steelman. In this conversation, plaintiff attempted to register to vote without

providing the SSN and made Mr. Steelman aware of the *Schwier* decision by the *Eleventh*

*Circuit*.

Later in the day on August 29, 2014, plaintiff realized that the questions pertaining to U.S. citizenship and attaining 18 years of age were inadvertently left blank on the application which was given to Mr. Steelman that morning. Therefore, plaintiff returned to the office of the Hamilton County Election Commission and completed a new voter registration form with those fields appropriately filled in.

Not having heard anything back from Mr. Steelman, plaintiff sent a letter to Mr. Mark Goins, Coordinator of Elections for the State of Tennessee, on October 3, 2014, complaining of the requirement of providing SSN in light of the *Schwier* decision. A copy of this letter was sent to Mr. Steelman as well as Mr. Tre Hargett, Secretary of State for the State of Tennessee. Plaintiff received a letter dated November 24, 2014, from Mr. Goins on November 28, 2014, indicating that they had reviewed the legal situation and essentially concluded that the *Schwier* case was not applicable to Tennessee. Plaintiff next received on December 9, 2014, a notice from the Hamilton County Election Commission that his application to register to vote was not complete.

## *Count I*

### Paragraph 13

Plaintiff alleges paragraphs 2 through 9 and paragraphs 11 through 12. On August 29, 2014, a voter registration application was delivered to the Hamilton County Election Commission with the social security number blank on the application form.

**Paragraph 14**

According to T.C.A. § 2-2-102, every citizen who is eighteen (18) years of age or older

who is a resident of the State of Tennessee and a resident of the county in which he offers to

vote is a qualified voter. An SSN cannot serve as evidence that an individual is "eighteen years

of age or older" because an SSN may be obtained prior to the age of eighteen. An SSN cannot

be used to evidence an individual's residency status because the assignment of an SSN is not

dependent on a person's place of residence. An SSN serves as no evidence that a prospective

voter is disqualified to vote by reasons of Infamy, or on any other basis; deferring to the

Social Security Administration to detect or prevent fraudulent applications for SSN which might

be obtained to allow fraudulent repeat registration by an individual wanting to vote more than

once in any given election does not assure any detection of such fraud, but merely detection of

the fraud in the hands of another government agency, the Social Security Administration.

**Paragraph 15**

Plaintiff alleges that SSN has never been "material" in determining an individual's

qualifications to vote, but that Tennessee uses an SSN only for the express purpose of

determining if an individual is attempting to commit fraud by trying to register and vote

more than once, but not to determine whether the applicant is in fact qualified to vote.

Therefore, plaintiff has the statutory right under 52 USC § 10101(a)(2)(B) to omit the

information from the registration form. As a result, plaintiff alleges that the defendants herein,

violated his right to register to vote on August 29, 2014.

## Paragraph 16

Plaintiff asserts that a private right of action exists to enforce the Civil Rights Act of

1964, 52 USC § 10101(a)(2)(B) through 42 USC § 1983. See *Schwier*, Section E, para. 56-72,

pp. 1294 – 1297.

## Paragraph 17

Plaintiff requests that the Court take judicial notice of the opinion filed by the

*Eleventh Circuit* in *Schwier v. Cox*, that the Civil Rights Act of 1964 did indeed contain a private

right of action through 42 USC § 1983. Also, that in the *Schwier* case previously cited, the

*Eleventh Circuit* remanded to the District Court for additional proceedings. In that case, the

District Court ultimately held that the State of Georgia violated the plaintiff's right to register to

vote because the SSN "is not material" to determining the applicant's qualifications under

42 USC § 1971(a)(2)(B), now 52 USC § 10101(a)(2)(B). This was upheld on appeal by the

*Eleventh Circuit*. See *Deborah Schwier v. Cathy Cox*, 439 F.3d 1285 (11th Cir. 2006). Further,

that this Court held in *McKay v. Thompson*, that SSN was not material in determining plaintiff's

right to register to vote as outlined in paragraph 10 of this Complaint.

# *Count II*

## Paragraph 18

Plaintiff re-alleges paragraphs 2 through 9 and paragraphs 11 through 12. On August

29, 2014, a voter registration application was delivered to the Hamilton County Election Commission with the city and state of birth blank on the application form.

## Paragraph 19

According to T.C.A. § 2-2-102, every citizen who is eighteen (18) years of age or older who is a resident of the State of Tennessee and a resident of the county in which he offers to vote is a qualified voter. The city and state of birth cannot serve as evidence that an individual is a resident of the state and county in which he offers to vote as a qualified voter. With the large transient population that the United States has as a part of it's demographic and cultural heritage, the city and state of birth cannot evidence in any way that a person is currently a resident of the State of Tennessee or Hamilton County, Tennessee.

## Paragraph 20

Plaintiff alleges that city and state of birth is not "material" in determining an individual's qualifications to vote, but that Tennessee uses it for no viable purpose associated with determining if an individual is in fact qualified to vote. Therefore, plaintiff has the statutory right under 52 USC § 10101(a)(2)(B) to omit the information from the registration form. As a result, plaintiff alleges that the defendants herein, violated his right to register to vote on August 29, 2014.

## Paragraph 21

Plaintiff asserts that a private right of action exists to enforce the Civil Rights Act of

1964, 52 USC § 10101(a)(2)(B) through 42 USC § 1983. See *Schwier*, Section E, para. 56-72, pp. 1294 – 1297.

## *Count III*

### Paragraph 22

Plaintiff re-alleges paragraphs 2 through 9 and paragraphs 11 through 12. On August 29, 2014, a voter registration application was delivered to the Hamilton County Election Commission with the telephone number blank on the application form.

### Paragraph 23

According to T.C.A. § 2-2-102, every citizen who is eighteen (18) years of age or older who is a resident of the State of Tennessee and a resident of the county in which he offers to vote is a qualified voter. The telephone number cannot serve as evidence that an individual is a resident of the state and county in which he offers to vote as a qualified voter. With the large portion of the general population which now uses a cellular telephone as their primary method of telephonic communication, the telephone number cannot evidence in any way that a person is currently a resident of the State of Tennessee or Hamilton County, Tennessee. This is because many people now keep their cellular telephone number from another state when they move to a new location.

### Paragraph 24

Plaintiff alleges that telephone number is not "material" in determining an

individual's qualifications to vote, but that Tennessee uses it for no viable purpose associated

with determining if an individual is in fact qualified to vote. Therefore, plaintiff has the

statutory right under 52 USC § 10101(a)(2)(B) to omit the information from the registration

form. As a result, plaintiff alleges that the defendants herein, violated his right to register to

vote on August 29, 2014.

## Paragraph 25

Plaintiff asserts that a private right of action exists to enforce the Civil Rights Act of

1964, 52 USC § 10101(a)(2)(B) through 42 USC § 1983. See *Schwier*, Section E, para. 56-72,

pp. 1294 – 1297.

**WHEREFORE**, plaintiff prays that this action be filed and that after due proceedings had,

a judgment be entered in favor of plaintiff and against all defendants declaring that social

security number, city and state of birth, and telephone number are not material in determining

an individual's qualifications to register to vote. Further, that an Order be entered permanently

enjoining the defendants, their agents and successors in office, and all persons acting in concert

with any of them, from continued requirement of an individual to disclose their social security

number, city and state of birth, and telephone number, as a prerequisite to registering to vote.

Respectfully submitted,

*Martin S. McKay*

Martin S. McKay
P. O. Box 16006
Chattanooga, TN 37416
(423) 580-6876

## *Certificate of Service*

I certify that a true and correct copy of the foregoing *Complaint* was served upon the defendants herein, as well as the Attorney General of the State of Tennessee,

Mr. Mark Goins, Coordinator of Elections
State of Tennessee
Snodgrass Tower, 7th Floor
312 Rosa L. Parks Avenue
Nashville, TN  37243-1102
       (615) 741-7956

Mr. Tre Hargett, Secretary of State
State of Tennessee
State Capitol
Nashville, TN  37243-1102
       (615) 741-2819

Kerry B. Steelman, Administrator of Elections
Hamilton County Election Commission
700 River Terminal Road
Chattanooga, TN  37406
       (423) 493-5100

Mr. Herbert H. Slatery, III, Attorney General & Reporter
State of Tennessee
425 5th Avenue, N.
Nashville, TN  37243-1102
(615) 741-3491

by U.S. Mail, postage prepaid, on this __27[th]__ day of August, 2015.

Respectfully submitted,

*Martin S. McKay*

Martin S. McKay
P. O. Box 16006
Chattanooga, TN  37416
(423) 580-6876