IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | | |
|---|---|---|---|
| MARTIN S. McKAY, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 1:15-cv-224 |
| | ) | | |
| MARK GOINS, Coordinator of Elections | ) | | |
| State of Tennessee, | ) | | |
| TRE HARGETT, Secretary of State, State | ) | | |
| of Tennessee, and | ) | | |
| KERRY B. STEELMAN, Administrator of | ) | | |
| Elections, Hamilton County, Tennessee, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Come the Defendants, Mark Goins, in his official capacity as Coordinator of Elections for the State of Tennessee, Tre Hargett, in his official capacity as Secretary of State for the State of Tennessee, and Kerry B. Steelman, in his official capacity as Administrator of Elections for Hamilton County, Tennessee, by and through their counsel of record, the Attorney General and Reporter for the State of Tennessee, and hereby submit this memorandum of law in support of their motion to dismiss Plaintiff's complaint in its entirety and with prejudice.

**INTRODUCTION AND BACKGROUND**

Plaintiff, Martin S. McKay, is a resident of Hamilton County, Tennessee. In 1998, he filed suit against Brook Thompson, the-then Coordinator of Elections for the State of Tennessee, Riley

Darnell, the-then Secretary of State for the State of Tennessee, and two Hamilton County officials, in federal court. Mr. McKay's lawsuit challenged Tennessee's requirement that a citizen provide his or her full social security number as a precondition to voter registration as violating a number of federal statutory and constitutional provisions. More specifically, Mr. McKay asserted that Tenn. Code Ann. § 2-2-116, which requires disclosure of a social security number on the voter registration form, violated the Privacy Act of 1974, Pub. L. No. 93-579, § 7, 88 Stat. 1896, 1909 (1974); the National Voter Registration Act, 42 U.S.C. § 1973gg-3(c)(2)(B); the Civil Rights Act of 1964, 42 U.S.C. § 1971 (a)(2)(B)[1], as well as Mr. McKay's First Amendment right to vote and to free exercise of religion and procedural due process rights under the Fifth and Fourteenth Amendments, and the Privileges and Immunities Clause of Article IV. *See McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000) (hereinafter referred to as "*McKay I*").

The trial court found that Tennessee's statutory requirement that citizens provide their social security number in order to register to vote did not violate any of these federal statutory or constitutional provisions and granted summary judgment to the defendants. In particular, with respect to Mr. McKay's claim under 42 U.S.C. § 1971, the district court found that Mr. McKay lacked standing as that federal statute only authorized the United States Attorney General to bring an action to enforce the statute, and not a private citizen. On appeal, the Sixth Circuit affirmed the district court's ruling in all aspects, including the determination that 42 U.S.C. § 1971 did not provide a private cause of action. *Id*. at 756. Mr. McKay subsequently filed a petition for certiorari with the Supreme Court that was denied. *See* 121 S.Ct. 1230 (2001).

In 2003, the Eleventh Circuit Court of Appeals issued an opinion in the case of *Schweir v. Cox*, 340 F.3d 1284 (11th Cir. 2003), in which that court decided that a private citizen did have

---

[1] This section has been recodified as 52 U.S.C. § 10101(a)(2)(B).

standing to bring a cause of action to enforce 42 U.S.C. § 1971. Mr. McKay has filed the present action against the Coordinator of Elections and the Secretary of State for the State of Tennessee, as well as the Administrator of Elections for Hamilton County, once again asserting that Tennessee's requirement of a social security number (as well as city, state of birth and telephone number) violates the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(B) (now 52 U.S.C. § 10101(a)(2)(B)), and that under the 11th Circuit's decision in *Schweir*, he has standing to bring a private right of action to enforce that Act.

This Court is not bound by decisions of the Eleventh Circuit Court of Appeals; however, it is bound by decisions of the Sixth Circuit Court of Appeals. That court, in Mr. McKay's previous case, held that there is no private cause of action under the Civil Rights Act and that the authority to enforce the act is vested in the Attorney General. 226 F.3d at 756. Accordingly, Mr. McKay's complaint is barred by the doctrine of *res judicata* and should be dismissed in its entirety and with prejudice.

### STANDARD OF REVIEW FOR 12(b)(6) MOTION TO DISMISS

To state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Wittstock v. Mark A Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003). While the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-95 (2007)).

3

The United States Supreme Court has recently encapsulated the appropriate standard to be applied in considering a motion to dismiss for failure to state a claim:

> Two working principles underlie our decision in [*Bell Atlantic v.*] *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009) (citations omitted).

### ARGUMENT

Federal courts have long recognized that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352-353, 24 L.Ed. 195 (1877). The preclusive effect of a final judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "*res judicata*." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine,* 532 U.S. 742, 748, (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and

resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.,* at 748–749. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *Montana v. United States,* 440 U.S. 147, 153–154 (1979)).

Federal *res judicata* applies where the earlier suit involved a federal claim that resulted in a federal judgment. *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211 (6th Cir. 1996); *Coleman v. Martin*, 363 F.Supp.2d 894, 901 (E.D. Mich. 2005). Application of federal *res judicata* requires a finding a three elements: (1) a final judgment on the merits of the earlier action; (2) identity of the cause of action in both the earlier and later suits; and (3) the identity of the parties or privies in the two suits. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). All three of these elements are present in this case and accordingly, Plaintiff's complaint is barred by *res judicata*.

### 1. Final Judgment on the merits.

There can be no dispute but that there was a final judgment on the merits of Plaintiff's earlier action. This court granted the state defendants' motion for summary judgment and that decision was affirmed on appeal by the Sixth Circuit in all respects. *See McKay*, 226 F.3d at 755-757. Moreover, Plaintiff's petition for certiorari was denied by the Supreme Court. As such, the Sixth Circuit's opinion became the final order of judgment in Plaintiff's previous case.

### 2. Identity of cause of action.

In both cases, Plaintiff McKay has asserted that Tennessee's requirement that a citizen provide his or her social security number in order to register to vote violates the Civil Rights Act

5

of 1964, 52 U.S.C. § 10101(a)(2)(B) and that he has a private cause of action to enforce this provision of the Act. Thus, based solely on Plaintiff's own characterizations of his cause action, identity exists between the cause of action asserted in *McKay I* and the cause of action asserted in the present lawsuit.

Moreover, the facts and evidence which make up Plaintiff's claim in both cases are the same. In *McKay I*, Plaintiff was not allowed to register to vote because he would not provide his social security number on his voter registration card. Consequently, Plaintiff filed suit against the State arguing that "his social security number was not 'material' to determining his qualification for voting, and therefore, his omission of that information cannot be grounds for refusing his registration." 226 F.3d at 756. In the present action, Plaintiff again sought to register to vote without providing his social security number and again was not allowed to register to vote. (DE 1 Complaint at ¶ 12). Once again he has filed suit against the State, alleging that the "SSN has never been 'material' in determining an individual's qualification to vote . . . [t]herefore plaintiff has the statutory right under 52 USC § 10101(a)(2)(B) [formerly 42 U.S.C. § 1971 (a)(2)(B)] to omit the information from the registration form." (*Id*. at ¶ 15).

With respect to the second element of federal *res judicata*, the Sixth Circuit has held that "there must be . . . an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co., Inc. v. Kulik*, 656 F.2d 1224 (6th Cir. 1981). Based on Plaintiff's own pleadings, clearly the facts and evidence that made up his claim in *McKay I* are the same operative facts which form the basis of his claims in the present case, thereby establishing the necessary "identity of cause of action" for purposes of federal *res judicata*.

6

### 3. Identity of the Parties.

The third element of federal *res judicata* requires that there be an identity of the parties or their privies in the two suits. This element is clearly met. In *McKay I*, Plaintiff McKay filed suit against the State Election Coordinator and the Secretary of State in their official capacities. *McKay I*, 226 F.3d at 752. In the present case, Plaintiff McKay has again sued the State Election Coordinator and the Secretary of State in their official capacities. (DE 1 Complaint at ¶¶ 3, 4).[2]

Plaintiff McKay attempts to avoid the finality of the judgment against him in *McKay I* by arguing that, in light of the decision in *Schweir v. Cox*, the Sixth Circuit erred in *McKay I* that a private right of action to enforce 52 U.S.C. § 10101(a)(2)(B) does not exist. (DE 1 Complaint at ¶¶10, 12). This argument is without merit for two reasons. First, as previously noted, this Court is not bound by a decision of the Eleventh Circuit Court of Appeals, however, it is bound by a decision of the Sixth Circuit. The Sixth Circuit in *McKay I* held that a private cause of action to enforce 52 U.S.C. § 10101(a)(2)(B) does not exist and that decision has not been overturned and, therefore, is binding precedent upon this Court.

Second, and more importantly, the Supreme Court has specifically rejected this argument, and instead, held that the *res judicata* consequences of a final judgment on the merits are not altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. *See Angel v. Bullington*, 330 U.S. 183, 187 (1947); *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371 (1940); *Wilson's Executor v. Deen*, 121 U.S. 525, 534 (1887).

> As this Court explained in *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325, 47 S.Ct. 600, 604, 71 L.Ed. 1069 (1927), an "erroneous conclusion" reached by the court in the first suit does not deprive the defendants in the second action "of their right to rely upon the plea of *res judicata*.... A judgment merely voidable because based

---

[2] Plaintiff McKay also sued the Administrator of Elections for Hamilton County in both actions.

7

Case 1:15-cv-00224-HSM-SKL   Document 4   Filed 09/21/15   Page 7 of 9   PageID #: 25

> upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." We have observed that "[t]he indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of *res judicata* to avert." *Reed v. Allen*, 286 U.S. 191, 201, 52 S.Ct. 532, 534, 76 L.Ed. 1054 (1932).

*Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981). Accordingly, Plaintiff McKay cannot use the *Schweir* decision in an attempt to collaterally attack the final judgment in *McKay I*.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's complaint in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on the grounds that it is barred by *res judicata*.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/ Janet M. Kleinfelter
JANET M. KLEINFELTER (BPR 13889)
Deputy Attorney General
Public Interest Division
Office of Attorney General
P.O. Box 20207
Nashville, TN  37202
(615) 741-7403
Janet.kleinfelter@ag.tn.gov

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies on the 21st day of September 2015 that a copy of the above document has been served upon the following persons by U.S. Mail, postage prepaid:

    Martin S. McKay
    P.O. Box 16006
    Chattanooga, TN  37416

                                    /s/ Janet M. Kleinfelter
                                    JANET M. KLEINFELTER