IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | | |
|---|---|---|---|
| MARTIN S. McKAY, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 1:15-cv-224 |
| | ) | | |
| MARK GOINS, Coordinator of Elections State of Tennessee, | ) ) | | |
| TRE HARGETT, Secretary of State, State of Tennessee, and | ) ) | | |
| KERRY B. STEELMAN, Administrator of Elections, Hamilton County, Tennessee, | ) ) | | |
| | ) | | |
| Defendants. | ) | | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Come the Defendants, Mark Goins, in his official capacity as Coordinator of Elections for the State of Tennessee, Tre Hargett, in his official capacity as Secretary of State for the State of Tennessee, and Kerry B. Steelman, in his official capacity as Administrator of Elections for Hamilton County, Tennessee, by and through their counsel of record, the Attorney General and Reporter for the State of Tennessee, and hereby submit this reply in support of their motion to dismiss Plaintiff's complaint in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

## I.  Plaintiff's Claims Are Barred by Res Judicata.

As this Court is aware, application of federal *res judicata* requires a finding a three elements:  (1) a final judgment on the merits of the earlier action; (2) identity of the cause of action in both the earlier and later suits; and (3) the identity of the parties or privies in the two suits. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).  Plaintiff admits that the first and third elements are present, but argues that the second element, identity of cause of action, is not present, because there has been 15 years between the two actions and because Plaintiff's motives in filing the present action are different from those that motivated Plaintiff's earlier action.  (DE 11 Page ID# 46-48).  Neither of these arguments is sufficient to remove Plaintiff's claims from the application of *res judicata*.

The Sixth Circuit has described *res judicata* as "extinguish[ing] all right of the plaintiff to remedies against the defendant with respect to all or any part of the transaction or series of connected transactions, out of which the action arose." *Walker v. General Tel. Co.,* 25 Fed.Appx. 332, 336 (6th Cir. 2001).  That Court has further applied a "logical relationship" test to determine whether claims arise out of the same "transaction or occurrence" as the phrase is used in the federal rule on compulsory counterclaims. *Sanders v. First Nat'l Bank & Trust Co. in Great Bend,* 936 F.2d 273, 277 (6th Cir.1991). Under this approach, claims arise out of the same transaction or occurrence if "the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Id.* (citing *Moore v. N.Y. Cotton Exch.,* 270 U.S. 593 (1926)).

Plaintiff's complaint meets this "logical relationship" test in that:  (1) Plaintiff has asserted the same issues of law (whether Tennessee's requirement of a social security number violates the

2

Case 1:15-cv-00224-HSM-SKL   Document 14   Filed 10/16/15   Page 2 of 7   PageID #: 68

Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(B) (now 52 U.S.C. § 10101(a)(2)(B) and whether a private cause of action exists under this statute) and (2) Plaintiff's claim is based on the same factual evidence (the Hamilton County Election Commission's refusal to accept Plaintiff's voter registration application unless he provides his social security number). Accordingly, Plaintiff's claims are barred by *res judicata*.[1]

## II. The Public Policy Exception to Res Judicata Is Not Applicable.

The doctrine of *res judicata* is not applied "when it would result in manifest injustice to a party or violate an overriding public policy." *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977). Plaintiff asserts that this "public policy" exception should be applied in this case. The Sixth Circuit has found, however, no manifest injustice where a party has enjoyed "a full and fair opportunity to litigate the issue in the forum of its choice" and the second action does not afford "procedural opportunities" that were unavailable in the first. *Marlene Indus. Corp. v. NLRB*, 712 F.2d 1011, 1017 (6th Cir. 1983). Full and fair opportunity to litigate the claim is generally satisfied with minimum due process under the Fourteenth Amendment. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 (1982). Here, there was not any violation of due process in the proceeding of Plaintiff's prior suit and Plaintiff was afforded full opportunity to litigate his claims, as reflected by the fact that Plaintiff filed a Petition for Certiorari with the Supreme Court.

With respect to the "overriding public policy" exception, the Sixth Circuit has recognized that the "fundamental function of the doctrine of *res judicata* is to prevent the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981).

---

[1] *Collateral estoppel*, otherwise known as issue preclusion, would also preclude the relitigation of Plaintiff's claim that he has standing to bring a private cause of action to enforce the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(B) (now 52 U.S.C. § 10101(a)(2)(B)). *See NAACP, Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987).

3

As such, "[t]he cases are few in which the public policy underlying the doctrine of res judicata has been found to be outweighed by countervailing considerations." *Id*. Plaintiff asserts that the "overriding public policy" at issue is the Defendants' "arbitrary disregard for Federal requirements." (DE 11 Page ID# 49). However, Defendants' "disregard for Federal requirements" is only arbitrary in Plaintiff's opinion and is based on Plaintiff's belief that the Eleventh Circuit's opinion in *Schwier v. Cox,* 340 F.3d 1284 (11th Cir. 2003), is controlling law. As previously noted, however, Defendants' actions are bound by the rulings of this Court, the Sixth Circuit and the Supreme Court—none of which have held that a private cause of action to enforce the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(B) (now 52 U.S.C. § 10101(a)(2)(B)) exists[2].

The public policy exception to *res judicata* has been recognized sparingly and only under the most urgent circumstances. *Westwood Chemical*, 656 F.2d at 1232. Plaintiff has failed to demonstrate that such urgent circumstances are present in this case.

### III. Federal Courts Have Not Recognized An "Equitable" Exception to Res Judicata.

Plaintiff next argues that this Court should find an "equitable" exception to application of *res judicata*. However, the Supreme Court in *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394

---

[2] Additionally, the majority of courts to address this issue have held that private plaintiffs like Plaintiff lack standing to enforce such suits. *See, e.g., Gilmore v. Amityville Union Free Sch. Dist.,* 305 F.Supp.2d 271, 279 (E.D.N.Y 2004) (the provisions of § 1971 "are only enforceable by the United States of America in an action brought by the Attorney General"); *Spivey v. Ohio,* 999 F .Supp. 987, 996 (N.D.Ohio 1998) ("The terms of § 1971(c) specifically state that the Attorney General may institute a civil action to remedy a violation of the Voting Rights Act. An individual does not have a private right of action under § 1971."); *Willing v. Lake Orion Cmty. Sch. Bd. of Trs.,* 924 F.Supp. 815, 820 (E.D.Mich.1996) ("Section 1971 is intended to prevent racial discrimination at the polls and is enforceable by the Attorney General, not by private citizens."); *Hayden v. Pataki,* No. 00–CV–8586, 2004 WL 1335921, at *5 (S.D.N.Y. June 14, 2004) ("[T]his section does not provide for a private right of action and is only enforceable by the United States in an action brought by the Attorney General."), *aff'd,; see also Cartagena v. Crew,* No. 96–CV–3399, 1996 WL 524394, at *3 n. 8 (E.D.N.Y. Sept. 5, 1996); *Dekom v. New York*, No. 12-CV-1318 JS ARL, 2013 WL 3095010, at *18 (E.D.N.Y. June 18, 2013) *aff'd,* 583 F. App'x 15 (2d Cir. 2014); *Thrasher v. Illinois Republican Party*, No. 4:12-CV-4071-SLD-JAG, 2013 WL 442832, at *4 (C.D. Ill. Feb. 5, 2013).

(1981) specifically rejected any sort of exception to *res judicata* based on general equitable principles or "simple justice":

> There is simply "no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata. . . . We have stressed that "[the] doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, ' of public policy and of private peace,' which should be cordially regarded and enforced by the courts . . . .""

*Id*. at 400-401 (internal citations omitted). Accordingly, this argument also fails.

### IV. Plaintiff's Request For Relief Pursuant to Fed. R. Civ. P. 60(b)(6) Is Untimely.

Plaintiff finally argues that, pursuant to Fed. R. Civ. P. 60(b)(6), he should be granted relief from the final judgment in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000) because of "ineffective assistance of counsel". Fed. R. Civ. P. 60(b)(6) states that a motion for relief from a judgment or order pursuant to this provision *shall* be made within a reasonable time. A reasonable length of time depends on the circumstances of each case. *Smith v. Secretary of Health and Human Servs*., 776 F.2d 1330, 1333 (6th Cir. 1985). The final judgment in *McKay v. Thompson* was entered in 2000. The attorney disciplinary proceedings concerning the actions or inactions Plaintiff's counsel in that case were final in 2004; however, Plaintiff did not file the present action until 2015—over eleven years later. Additionally, the case that Plaintiff claims is the impetus for filing the present action, *Schwier v. Cox*, was decided by the Eleventh Circuit in 2003—12 years before the filing of the present action. Under these circumstances, it cannot be said that Plaintiff's motion for relief pursuant to Rule 60(b)(6) is timely.

5

## CONCLUSION

For these reasons and the reasons set forth in Defendant's opening memorandum (DE 4), Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's complaint in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on the grounds that it is barred by *res judicata*.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/ Janet M. Kleinfelter
JANET M. KLEINFELTER (BPR 13889)
Deputy Attorney General
Public Interest Division
Office of Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-7403
Janet.kleinfelter@ag.tn.gov

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies on the 16 day of October 2015 that a copy of the above document has been served upon the following persons by U.S. Mail, postage prepaid:

    Martin S. McKay
    P.O. Box 16006
    Chattanooga, TN  37416

                              /s/ Janet M. Kleinfelter
                              JANET M. KLEINFELTER