UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

FILED

OCT 1 9 2015

U.S. District Court
Eastern District of Tennessee
Chattanooga

| | | |
|---|---|---|
| Martin S. McKay, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | .CASE NO. - __1:15-CV-224__ |
| | * | |
| Mark Goins, | * | Judge - __Mattice__ |
|     Coordinator of Elections | * | |
|     State of Tennessee, | * | |
| | * | |
| Tre Hargett, | * | |
|     Secretary of State | * | |
|     State of Tennessee, | * | |
| | * | |
| Kerry B. Steelman, | * | |
|     Administrator of Elections | * | |
|     Hamilton County, Tennessee, | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Plaintiff's Motion For Ruling On Private Right Of Action

As the Court will note in the Discovery Plan which was filed on October 13, 2015, the

parties have agreed that discovery should be stayed pending a ruling on the defendant's

motion to dismiss, this was agreed by the parties simply in the interest of judicial economy and

conservation of resources.

In the same interest of judicial economy and conservation of resources, plaintiff

requests that the Court make a ruling on whether the *Sixth Circuit* will recognize the private

right of action outlined in *Schwier v. Cox*, 340 F.3d 1284 (11th Circuit 2003), upon which this

current suit is based. See *Schwier*, Section E, para. 56-72, pp. 1294 – 1297. It is possible that

defendant's could file a dispositive motion at the conclusion of discovery seeking dismissal

of this suit because the *Sixth Circuit* does not recognize a private of action for 52 USC §

10101(a)(2)(B) through 42 USC § 1983, as outlined in the final judgment of *McKay v. Thompson*,

226 F.3d 752 (6th Circuit 2000). For this reason, plaintiff requests a ruling on this issue before

discovery, so that unnecessary resources are not expended if the Court were to determine at

a later point in time, that the *Sixth Circuit* will not recognize the private right of action.

In *McKay v. Thompson*, the *Sixth Circuit* held that 52 USC § 10101(a)(2)(B) could only

be enforced by the Attorney General, and the *Eleventh Circuit* was critical of the *Sixth Circuit's*

holding, as follows ...

> "In McKay, the Sixth Circuit relied entirely on *Willing v. Lake Orion Community Schools Board of Trustees*, 924 F.Supp. 815, 820 (E.D.Mich. 1996), which in turn relied entirely on *Good v. Roy*, 459 F.Supp. 403, 405-06 (D.Kan. 1978). Thus, the extent of the analysis relied on by the *Sixth Circuit* is the following from *Good*: "Furthermore, subsection (c) provides for enforcement by the Attorney General with no mention of enforcement by private persons ... the unambiguous language of Section 1971 will not allow us to imply a private right of action. However, ... the Supreme Court found that other sections of the Voting Rights Act, 42 USC §§ 1973c and 1973h, respectively, could be enforced by a private right of action, even though those sections also provide for enforcement by the Attorney General." (See *Schwier* at para. 58-59, p. 1294.)

While making this observation about the *Sixth Circuit's* holding, the *Schwier* court explained

that the private right of action has always existed to enforce 52 USC § 10101(a)(2)(B) through

42 USC § 1983, as follows ...

> "... the provision giving the Attorney General the right to bring a civil suit under § 1971 was not added to § 1971 until 1957. Therefore, from the enactment of § 1983 in 1871 until 1957, plaintiffs could and did enforce the provisions of § 1971 under § 1983." See *Schwier* at p. 1295.

Further, in giving the Attorney General the right to enforce § 1971, the House Judiciary

Committee stated the bill's purpose was "to provide means of *further* securing and protecting

the civil rights of persons …". (emphasis added) Therefore, "nothing in the report suggests that

the Committee intended the provision granting the Attorney General authority to bring suit, to

foreclose the continued use of § 1983 by individuals." See *Schwier* at p. 1295.

## Conclusion

Plaintiff requests that the ruling on this motion pertaining to a private right of action,

please be rendered at the same time that a ruling is made on the defendant's motion to

dismiss. In this way, all parties will know that the discovery process may proceed unimpeded.

Respectfully submitted,

Martin S. McKay
P. O. Box 16006
Chattanooga, TN  37416
(423) 580-6876

## *Certificate of Service*

I certify that a true and correct copy of the foregoing has been served upon the following person, Counsel for defendants, by U.S. Mail, postage prepaid, on this __16th__ day of __October__, 20__15__.

Ms. Janet M. Kleinfelter, Deputy Attorney General
State of Tennessee
Public Interest Division
Office of Attorney General
P. O. Box 20207
Nashville, TN  37202
      (615) 741-7403

Respectfully submitted,

*Martin S. McKay*

Martin S. McKay
P. O. Box 16006
Chattanooga, TN  37416
(423) 580-6876