UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA



FILED

[illegible date stamp] 5 2015

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

| | | |
|---|---|---|
| Martin S. McKay, | * | |
| | * | |
| **Plaintiff**, | * | |
| | * | |
| vs. | * | CASE NO. -  1:15-CV-224 |
| | * | |
| Mark Goins, | * | Judge -  Mattice |
|    Coordinator of Elections | * | |
|    State of Tennessee, | * | |
| | * | |
| Tre Hargett, | * | |
|    Secretary of State | * | |
|    State of Tennessee, | * | |
| | * | |
| Kerry B. Steelman, | * | |
|    Administrator of Elections | * | |
|    Hamilton County, Tennessee, | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Reply To Motion For Ruling On Private Right Of Action

Defendants have suggested that this Court should not make a determination on the

*Motion For Ruling On Private Right Of Action* in the instant matter, that this question should

be deferred to the *Sixth Circuit*. Plaintiff does not agree with this assessment by the

defendants.

The *U. S. Supreme Court* has already provided guidance on matters such as this through

*Citizens United v. FEC*, 558 U.S. 310 (U.S. Supreme Court 2010),

> "Beyond workability, the relevant factors in deciding whether to adhere to the principle of
> *stare decisis* include antiquity of the precedent, the reliance interests at stake, and of course
> whether the decision was well reasoned ..." See *Citizens United* at 362-363, citing

*Montejo v. Louisiana*, 556 U.S. 778, 792-793.

Clearly, the decision by the *Sixth Circuit* in *McKay v. Thompson*, pertaining to enforcement of 52 USC § 10101(a)(2)(B)[1] through 42 USC § 1983, was not well reasoned in light of the decision by the *Eleventh Circuit* in *Schwier v. Cox*, 340 F.3d 1284 (11th Circuit, 2003). The *Eleventh Circuit* panel was actually critical of the *Sixth Circuit* in its analysis, as follows,

> "In McKay, the Sixth Circuit relied entirely on *Willing v. Lake Orion Community Schools Board of Trustees*, 924 F.Supp. 815, 820 (E.D.Mich. 1996), which in turn relied entirely on *Good v. Roy*, 459 F.Supp. 403, 405-06 (D.Kan. 1978). Thus, the extent of the analysis relied on by the *Sixth Circuit* is the following from *Good*: "Furthermore, subsection (c) provides for enforcement by the Attorney General with no mention of enforcement by private persons ... the unambiguous language of Section 1971 will not allow us to imply a private right of action. However, ... the Supreme Court found that other sections of the Voting Rights Act, 42 USC §§ 1973c and 1973h, respectively, could be enforced by a private right of action, even though those sections also provide for enforcement by the Attorney General." (See *Schwier* at para. 58-59, p. 1294.)

In giving the Attorney General the right to enforce § 1971, the House Judiciary Committee stated the bill's purpose was "to provide means of *further* securing and protecting the civil rights of persons ...". (emphasis added) Therefore, "nothing in the report suggests that the Committee intended the provision granting the Attorney General authority to bring suit, to foreclose the continued use of § 1983 by individuals." See *Schwier* at p. 1295.

In light of the analysis of the Eleventh Circuit on this issue, the decision by the *Sixth Circuit* panel in *McKay v. Thompson* is not well reasoned.

Further, the reliance interests at stake are also called into question. Courts of the *Sixth Circuit* and of other Circuits, would be required to adhere to the precedent in *McKay v.*

---

[1] Please note that Title 52 is a new addition to the U.S. Code as of September, 2014; at the time of plaintiff's litigation in *McKay v. Thompson* and also the *Schwier* decision by the *Eleventh Circuit*, the appropriate section of the Civil Rights Act of 1964 was codified at 42 USC 1971(a)(2)(B).

*Thompson* if they were to follow the principle of *stare decisis*, even though it is now clear that this decision is not good law.

In *Citizens United*, Chief Justice Roberts wrote in his concurring opinion, joined by Justice Alito,

> "*stare decisis* is neither an inexorable command, *Lawrence v. Texas*, 539 U.S. 558 (2003), nor a mechanical formula of adherence to the latest decision, *Helvering v. Hallock*, 309 U.S. 106 (1940)." See *Citizens United* at 377.

> "Stare decisis is instead a 'principle of policy'. *Helvering, supra.*" See Citizens United at 378.

## Conclusion

For the reasons stated in this reply brief, plaintiff respectfully submits that this Court has sufficient precedent to find in favor of a private right of action pertaining to enforcement of 52 USC § 10101(a)(2)(B) through 42 USC § 1983.

Respectfully submitted,

*[signature]*
Martin S. McKay
P. O. Box 16006
Chattanooga, TN 37416
(423) 580-6876

## Certificate of Service

I certify that a true and correct copy of the foregoing has been served upon the following person, Counsel for defendants, by U.S. Mail, postage prepaid, on this 5th day of November, 2015.

Ms. Janet M. Kleinfelter, Deputy Attorney General
State of Tennessee
Public Interest Division
Office of Attorney General
P. O. Box 20207
Nashville, TN 37202
    (615) 741-7403

Respectfully submitted,

*Martin S. McKay*
Martin S. McKay
P. O. Box 16006
Chattanooga, TN 37416
(423) 580-6876