# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: September 07, 2016

Ms. Janet M. Kleinfelter
Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202

Mr. Martin S. McKay
P.O. Box 16006
Chattanooga, TN 37416

Re: Case No. 16-5275, *Martin McKay v. Mark Goins, et al*
Originating Case No. : 1:15-cv-00224

Dear Sir or Madam,

   The Court issued the enclosed (Order/Opinion) today in this case.

                              Sincerely yours,

                              s/Laura A. Jones
                              Case Manager
                              Direct Dial No. 513-564-7023

cc:  Ms. Debra Poplin

Enclosure

Mandate to issue

<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>

No. 16-5275

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 07, 2016
DEBORAH S. HUNT, Clerk

MARTIN S. MCKAY, )
)
    Plaintiff-Appellant, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
MARK GOINS, Coordinator of Elections, State of ) THE EASTERN DISTRICT OF
Tennessee; TRE HARGETT, Secretary of State, ) TENNESSEE
State of Tennessee; KERRY B. STEELMAN, )
Administrator of Elections, Hamilton County, )
Tennessee, )
)
    Defendants-Appellees. )

O R D E R

Before: SUHRHEINRICH, COOK, and STRANCH, Circuit Judges.

    Martin S. McKay, proceeding pro se, appeals a district court's judgment dismissing his suit under 52 U.S.C. § 10101(a)(2)(B) and 42 U.S.C. § 1983 for failure to state a claim due to issue preclusion. *See McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

    In a previous suit filed in 1998, McKay sought to stop Tennessee election officials from rejecting voter registration forms that did not include the prospective voter's social security number (SSN). *McKay*, 226 F.3d at 754. Among other theories, McKay claimed that the SSN requirement violated 52 U.S.C. § 10101(a)(2)(B), *id.* at 756, a provision of the Civil Rights Act of 1964, which bars states from denying anyone the right to vote based on an omission that "is not material in determining whether such individual is qualified under State law to vote." The

district court dismissed that claim for lack of standing, because the wording of § 10101(a)(2)(B) indicates that it "is enforceable by the Attorney General, not by private citizens"; we affirmed. *Id.* We also rejected McKay's claims under § 1983 because the underlying claims lacked substantive merit. *Id.* at 756-57.

In August 2015, McKay filed this action against three Tennessee election officials, restating his claims under § 10101(a)(2)(B) and § 1983 based on Tennessee's continuing SSN requirement. He supported his complaint with a 2003 decision by the U.S. Court of Appeals for the Eleventh Circuit, which found a private right of action in similar circumstances and specifically criticized our decision in *McKay v. Thompson*. *See Schwier v. Cox*, 340 F.3d 1284, 1294 (11th Cir. 2003). The district court granted the defendants' motion to dismiss for failure to state a claim upon which relief could be granted, under Federal Rule of Civil Procedure 12(b)(6). The district court cited issue preclusion based on our *McKay v. Thompson* decision, and rejected McKay's arguments for a public-policy exception or for equitable relief from final judgment under Federal Rule of Civil Procedure 60(b), which it construed as an independent action under Rule 60(d).

On appeal, McKay reasserts his claims under § 10101(a)(2)(B) and § 1983, along with his arguments that issue preclusion should not apply, the public-policy exception should apply, or Rule 60(b) should bar enforcement of the final judgment in his previous suit. He has also requested oral argument and filed a motion to expedite.

We review de novo a district court's order dismissing a complaint under Rule 12(b)(6). *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Before dismissing a complaint for failure to state a claim, courts must construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007); *Bishop*, 520 F.3d at 519. We hold a pro se plaintiff "to a less stringent pleading standard than a party with an attorney." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

Issue preclusion bars McKay's § 10101(a)(2)(B) claim. A previous decision precludes relitigation of an issue in a later case if: (1) that precise issue was raised and actually litigated in the prior proceeding; (2) determination of that issue was necessary to the prior proceeding's outcome; (3) the prior proceeding concluded with a final judgment on the merits; and (4) the party barred from relitigating the issue had a full and fair opportunity to litigate it in the prior proceeding. *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 908 (6th Cir. 2001). In McKay's prior suit, the issue of private parties' standing to bring § 10101(a)(2)(B) claims was raised and actually litigated; its determination was necessary to the outcome; the suit ended with a final judgment on the merits; and McKay had a full and fair opportunity to litigate. *McKay*, 226 F.3d at 756. McKay contends that his attorney's negligence prevented actual litigation of the prior suit. But he also claims that his attorney's failures came at the discovery phase; therefore, they could not have affected the resolution of the claim, which failed due to lack of standing based on the language of the relevant statute itself, rather than any discoverable material.

McKay's § 1983 claim also fails. A right is not enforceable under § 1983 if the underlying statute's text indicates that Congress did not intend private suits to be a remedy. *Harris v. Olszewski*, 442 F.3d 456, 461 (6th Cir. 2006) (citing *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990)). We are bound by our prior ruling that 42 U.S.C. § 1971(a)(2)(B) does not create a private remedy. *See McKay*, 226 F.3d at 756. The contrary decision by the Eleventh Circuit has no bearing on this outcome because a decision from another Circuit court has, at most, persuasive value in this proceeding, but no precedential value.

The public-policy exception to issue preclusion does not apply. Some courts have ruled that "public policy and manifest injustice" may justify setting aside issue preclusion, but they have done so "sparingly and only under the most urgent circumstances." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1232 (6th Cir. 1981). Such circumstances do not include cases such as this one, in which a competent court has already decided the public policy issue. *Id.* McKay argues that all voting rights suits are inherently "urgent," but provides no reason for an exception in this specific case. He also claims that his attorney's negligence makes the circumstances

"urgent." Again, even after liberally construing his pleadings, viewing the pleadings in the light most favorable to him, and accepting all his factual allegations as true we conclude that, he has presented no indication that his attorney's alleged negligence affected the outcome. Nothing suggests that the public-policy exception should apply.

Finally, relief under either Federal Rule of Civil Procedure 60(b) or 60(d) is inappropriate. A motion under Rule 60(b) must be filed in the same case as the judgment from which it seeks relief—here, *McKay v. Thompson*. Rule 60(d) allows a court to relieve a party from a final judgment via an independent action, but it is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). McKay states that his Rule 60 claim rests on his arguments regarding issue preclusion and public policy, all of which are unavailing. There is no reason to consider the result a "grave miscarriage of justice."

Accordingly, we **AFFIRM** the district court's order and **DENY** as moot the motion to expedite.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk